Pawel CZERNICKI, Plaintiff–
Appellant,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant–Appellee.**

**Docket No. 04–4058–CV.**

United States Court of Appeals,
Second Circuit.

June 24, 2005.

410

Pawel Czernicki, Brooklyn, New York, for the Appellant, pro se.

Warshawsky, Steven M., Assistant United States Attorney, Eastern District of New York (Steven Kim, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Brooklyn, New York, for the Appellee, of counsel.

Present: MINER, STRAUB, Circuit Judges, and KEENAN,* District Judge.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Pawel Czernicki ("Czernicki") appeals from the November 18, 2003 judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*), which granted Defendant–Appellee's motion to dismiss the amended complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

When reviewing a district court's dismissal for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), this Court reviews factual findings for clear error and legal conclusions *de novo. Close v. New York*, 125 F.3d 31, 35–36 (2d Cir. 1997) (citations omitted). Under the Federal Tort Claims Act ("FTCA"), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...," 28 U.S.C. § 2401(b), and we have explained that, "[u]nless a plaintiff complies with that requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim," *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir.1999). For substantially the same reasons provided by the District Court, we hold that Czernicki has failed to demonstrate that he filed an administrative claim within the two-year statute of limitations under the FTCA.

Moreover, we agree with the District Court's finding that the doctrine of equitable tolling should not apply in this case. We have applied the doctrine of equitable tolling in "rare and exceptional circumstances," where we found that "extraordinary circumstances" prevented a party from timely performing a required act and that party "acted with reasonable diligence throughout the period he [sought] to toll." *Doe v. Menefee*, 391 F.3d 147, 159–60 (2d Cir.2004). In *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court explained that the doctrine of equitable tolling can apply to cases filed against the United States, and that it is within the discretion of the district court to equitably toll the statute of limitations "where the claimant has actively pursued his judicial remedies by filing a defective

* The Honorable John F. Keenan, United States District Judge, Southern District of New York, sitting by designation.

pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." In *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir.1998), we explained that the FTCA's limitations period "will be equitably tolled so long as defendants' concealment of their wrongdoing prevented plaintiff from becoming aware of, or discovering through the exercise of reasonable diligence, his cause of action." The record clearly indicates that Czernicki failed to file a timely administrative claim, and he presented no evidence to the District Court demonstrating that extraordinary circumstances warrant the tolling of the statutory period.[1]

We have considered all of Czernicki's claims on this appeal and find that each of them is unavailing. Accordingly, the Government's motion to strike Mr. Reale's declaration is GRANTED and the District Court's order dismissing the amended complaint for lack of subject matter jurisdiction is AFFIRMED.

---

1. For the first time, Czernicki submits in his appeal the declaration of fellow inmate Ron Reale, which suggests that Czernicki was dissuaded by prison officials from filing an FTCA claim. The Government subsequently moved to strike the declaration as new evidence that was not first presented to the District Court. We grant the Government's motion and de-cline to consider this evidence for the first time on appeal. *See Amalgamated Clothing & Textile Workers Union v. Wal–Mart Stores, Inc.*, 54 F.3d 69, 72–73 (2d Cir.1995) (declining to consider appellant's argument not raised in district court absent a showing of manifest injustice or extraordinary need).